**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* [SEALED],<br><br>        Plaintiff,<br><br>                – Against –<br><br>[SEALED],<br><br>        Defendant. | Civil Action No _____<br><br>**FALSE CLAIMS ACT**<br>**COMPLAINT**<br><br>and<br><br>**JURY DEMAND**<br><br>**[FILED UNDER SEAL]** |

**FILED IN CAMERA AND UNDER SEAL UNDER**
**31 U.S.C. § 3730(b)(2)**
**DO NOT POST ON ECF**
**DO NOT PUT IN PRESS BOX**

Law Offices of Darth M. Newman LLC
1140 Thorn Run Rd, #601
Coraopolis, PA 15108
(412) 436-3443

*Counsel for Plaintiff Relator*

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ZACHARY HOLTZMAN,<br><br>*Plaintiff,*<br><br>v.<br><br>Argosy Capital Company, LLC, Argosy Capital Group, Inc., Argosy Capital Group, LLC, Argosy Capital Group II, L.P., Argosy Capital Group III, L.P., Argosy Investment Partners, L.P., Argosy Capital Management, Inc., Argosy Investment Partners, L.P., Argosy Investment Partners II, L.P., Argosy Investment Partners III, L.P., Argosy Investment Partners IV, L.P., Argosy Investment Partners V, L.P., Argosy Investment Partners Parallel V, L.P., Argosy Investment Partners VI, L.P., Argosy Investment Partners 7, L.P., Walpole Outdoors LLC, Southerland, Inc., Reed City Group LLC, Panhandle Oilfield Srvc Co, Inc., Groome Industrial Service Group, LLC, Capewell Aerial Systems, LLC, Atlantic Diagnostic Laboratories, LLC, Great Western Leasing & Sales, LLC, Ultra Aluminum Manufacturing, Inc., Paragon Energy Solutions, LLC, Oneida Molded Plastics, LLC, Linx Acquisitions, LLC, Project Access Holdings, LLC, Component Sourcing International, LLC, Casual Living Unlimited, LLC, and Trigon Plastics,<br><br>Defendants. | Civil Action No _____<br><br>**FALSE CLAIMS ACT COMPLAINT**<br><br>and<br><br>**JURY DEMAND**<br><br>**[FILED UNDER SEAL]** |

2

*Qui tam* plaintiff and Relator Zachary Holtzman, through his undersigned attorney, and hereby brings this action on behalf of the United States of America, against:

- Argosy Capital Company, LLC;
- Argosy Capital Group, Inc.;
- Argosy Capital Group, LLC;
- Argosy Capital Group II, L.P.;
- Argosy Capital Group III, L.P.;
- Argosy Investment Partners, L.P.;
- Argosy Capital Management, Inc.;
- Argosy Investment Partners, L.P.;
- Argosy Investment Partners II, L.P.;
- Argosy Investment Partners III, L.P.;
- Argosy Investment Partners IV, L.P.;
- Argosy Investment Partners V, L.P.;
- Argosy Investment Partners Parallel V, L.P.;
- Argosy Investment Partners VI, L.P.;
- Argosy Investment Partners 7, L.P.;
- Walpole Outdoors LLC, Southerland, Inc.;
- Reed City Group LLC;
- Panhandle Oilfield Srvc Co, Inc.;
- Groome Industrial Service Group, LLC;
- Capewell Aerial Systems, LLC;
- Atlantic Diagnostic Laboratories, LLC;
- Great Western Leasing & Sales, LLC;

- Ultra Aluminum Manufacturing, Inc.;

- Paragon Energy Solutions, LLC;

- Oneida Molded Plastics, LLC;

- Linx Acquisitions, LLC;

- Project Access Holdings, LLC;

- Component Sourcing International, LLC;

- Casual Living Unlimited, LLC; and

- Trigon Plastics.

The claims asserted in this Complaint are based on Defendant(s) submitting, or causing to be submitted, materially false applications for Paycheck Protection Program ("PPP") loan and related forgiveness despite not qualifying for the loans and/or forgiveness of the loans. Defendants' applications included materially false statements or material omissions about the existence of affiliated employees, the fact that Defendants do not qualify as "small" under the relevant SBA standards and alternative size standards, the lack of need for the capital infusion, and the inability to access alternative sources of capital.

The subject PPP loan applications were approved in April and May of 2020 and J for a total amount of $40,172,504 and were forgiven for a total amount of $35,297,064 that would not otherwise have been paid but for the false claims described herein. The claims are based on the facts and information set forth below.

## TABLE OF CONTENTS

NATURE OF THE CLAIM ...................................................................................... 7

PARTIES .......................................................................................................... 7

    A.  Relator – Zachary Holtzman ...................................................... 7

    B.  Argosy Private Equity Entities.................................................... 7

    C.  Walpole Outdoors LLC .............................................................. 9

    D.  Southerland, Inc. ...................................................................... 9

    E.  Reed City Group LLC .............................................................. 10

    F.  Panhandle Oilfield Srvc Co, Inc ............................................... 10

    G.  Groome Industrial Service Group, LLC .................................... 10

    H.  Capewell Aerial Systems LLC .................................................. 11

    I.  Atlantic Diagnostic Laboratories, LLC ..................................... 11

    J.  Great Western Leasing and Sales, LLC .................................... 12

    K.  Ultra Aluminum Manufacturing, Inc. ...................................... 12

    L.  Paragon Energy Solutions, LLC ............................................... 12

    M.  Oneida Molded Plastics, LLC .................................................. 13

    N.  Linx Acquisitions, LLC ............................................................ 13

    O.  Project Access Holdings, LLC .................................................. 14

    P.  Component Sourcing International, LLC ................................... 14

    Q.  Casual Living Unlimited, LLC .................................................. 15

    R.  Trigon Plastics, LLC ................................................................ 15

JURISDICTION AND VENUE .............................................................................. 16

FACTS ........................................................................................................... 16

  I.  Governing Law ............................................................................... 16

    A.  The Federal False Claims Act ................................................... 16

    B.  The Paycheck Protection Program ........................................... 17

      i.  Affiliation Rules............................................................... 19

  II.  Violations of the False Claims Act .................................................. 21

    A.  PPP Loan Applications .............................................................. 22

B.  Knowingly False Statements ................................................................................ 24

    i.  Too Many Employees ................................................................................. 25

    ii.  Alternative Size Standards ....................................................................... 26

    iii.  No Financial Need .................................................................................... 27

C.  Liability of APE ...................................................................................................... 28

**CAUSES OF ACTION** ..................................................................................................... **28**

## NATURE OF THE CLAIM

1.      Relator sues Defendants to recover treble damages and civil penalties on behalf of the United States of America for Defendants' false applications for a PPP loan and forgiveness which information was submitted in whole or in part to the Small Business Administration ("SBA") by and through various banking institutions.

2.      Defendants knew the PPP loan and forgiveness applications did not meet the established criteria set by the SBA to obtain the PPP loan or forgiveness funds.

3.      Defendants engaged in the submission of false claims to the United States in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA").

## PARTIES

### A.      Relator – Zachary Holtzman

4.      Mr. Holtzman is an individual resident and domiciliary of the Commonwealth of Pennsylvania.

### B.      Argosy Private Equity Entities

5.      Argosy Private Equity ("APE") is the brand or trade name for a family of companies which together own and/or control the other named Defendants herein.

6.      The family of entities which compose APE include the below named entities each of which is a named Defendant herein and each of which have a principal place of business at 900 W Valley Road, Suite 1000, Wayne, PA 19087 and are organized under the laws of the Commonwealth of Pennsylvania or the state of Delaware as noted below.

a.  Argosy Capital Company, LLC [Delaware];

b.  Argosy Capital Group, Inc. [Delaware];

c.  Argosy Capital Group, LLC [Pennsylvania];

d.  Argosy Capital Group II, L.P. [Pennsylvania];

e.  Argosy Capital Group III, L.P. [Pennsylvania];

f.  Argosy Investment Partners, L.P. [Pennsylvania];

g.  Argosy Capital Management, Inc. [Delaware];

h.  Argosy Investment Partners, L.P. [Pennsylvania];

i.  Argosy Investment Partners II, L.P. [Pennsylvania];

j.  Argosy Investment Partners III, L.P. [Delaware];

k.  Argosy Investment Partners IV, L.P. [Delaware];

l.  Argosy Investment Partners V, L.P. [Delaware];

m.  Argosy Investment Partners Parallel V, L.P. [Delaware];

n.  Argosy Investment Partners VI, L.P. [Delaware]; and

o.  Argosy Investment Partners 7, L.P. [Delaware];

7.     Together, and at all times relevant here, APE owned, controlled, and/or directed the business activities (or owned and/or controlled other entities which did so) of Defendant portfolio companies Walpole Outdoors LLC, Southerland, Inc., Reed City Group LLC, Panhandle Oilfield Srvc Co, Inc., Groome Industrial Service Group, LLC, Capewell Aerial Systems, LLC, Atlantic Diagnostic Laboratories, LLC, Great Western

Leasing & Sales, LLC, Ultra Aluminum Manufacturing, Inc., Paragon Energy Solutions, LLC, Oneida Molded Plastics, LLC, Linx Acquisitions, LLC, Project Access Holdings, LLC, Component Sourcing International, LLC, Casual Living Unlimited, LLC, and Trigon Plastics which each applied for and obtained PPP loan funds and forgiveness to which they were not entitled or eligible.

8.    APE sold its stake(s) in Oneida Molded Plastics, LLC, Linx Acquisitions, LLC, Library Systems & services Holdings, LLC, Component Sourcing International, LLC, Casual Living Unlimited, LLC, and Trigon Plastics after these Defendants obtained forgiveness of their ill-gotten PPP loans.

### C.    **Walpole Outdoors LLC**

9.    Walpole Outdoors LLC is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 100 River Ridge Dr., Suite 302, Norwood, MA 2062.

10.    Walpole Outdoors is owned and controlled by APE.

11.    Walpole Outdoors took a PPP loan in the amount of $2,525,600 and then forgiveness of $2,555,135 to which it was not entitled.

### D.    **Southerland, Inc.**

12.    Southerland, Inc. is a corporation organized under the laws of the state of Tennessee with a principal place of business at 6050 Dana Way, Antioch, TN 37013.

13.    Southerland took a PPP loan in the amount of $4,876,300 and then forgiveness of $4,775,643 to which it was not entitled.

14.    Southerland is owned and controlled by APE.

**E.    <u>Reed City Group LLC</u>**

15.    Reed City Group is a corporation organized under the laws of the state of state of Delaware with a principal address of 603 E. Church Ave., Reed City, MI 49677.

16.    Reed City Group is owned and controlled by APE.

17.    Reed City Group took a PPP loan in the amount of  $1,394,190 and then forgiveness of $1,369,830 to which it was not entitled.

**F.    <u>Panhandle Oilfield Srvc Co, Inc</u>**

18.    Panhandle Oilfield Srvc Co, Inc is a corporation organized under the laws of the state of Kansas with a principal place of business at 14000 Quail Springs Parkway Ste 300, Oklahoma City, OK 73134.

19.    Panhandle Oilfield is owned and controlled by APE.

20.    Panhandle Oilfield took a PPP loans in the amount of $3,361,800 and $2,000,000 and then forgiveness in the amount of $3,401,675 and $2,013,111 to which it was not entitled.

**G.    <u>Groome Industrial Service Group, LLC</u>**

21.    Groome Industrial Service Group, LLC a limited liability company organized under the laws of the state of New Jersey with a principal place of business at 22 Audrey Pl, Fairfield, NJ 7004.

22.    Groome Industrial Service Group is owned and controlled by APE.

23.     Groome Industrial Service Group took a PPP loan in the amount of $1,525,100 and then forgiveness in the amount of $1,533,331 to which it was not entitled.

**H.     Capewell Aerial Systems LLC**

24.     Capewell Aerial Systems LLC is a limited liability company organized under the laws of the state of Ohio with a principal place of business at 105 Nutmeg Rd S., South Windsor, CT 06074.

25.     Capewell Aerial Systems is owned and controlled by APE.

26.     Capewell Aerial Systems took PPP loans in the amount of $765,430 and $659,647 and then forgiveness in the amounts of $769,582 and $663,352 to which it was not entitled.

**I.     Atlantic Diagnostic Laboratories, LLC**

27.     Atlantic Diagnostic Laboratories, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with a principal place of business at 3520 Progress Drive, Suite C, Bensalem, PA 19020.

28.     Atlantic Diagnostic Laboratories took PPP loans in the amounts of $2,303,500 and $2,000,000 and then forgiveness in the amount of $2,332,783 and $2,026,411 to which it was not entitled.

29.     Atlantic Diagnostic Laboratories is owned and/or controlled by APE.

**J.**     **Great Western Leasing and Sales, LLC**

30.     Great Western Leasing and Sales, LLC is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 2261 Market St., San Francisco, CA 94114.

31.     Great Western Leasing and Sales took PPP loans in the amounts of $1,789,800 and $1,768,282 and then forgiveness in the amounts of $1,810,631 and $1,779,727 to which it was not entitled.

32.     Great Western Leasing and Sales is owned and/or controlled by APE.

**K.**     **Ultra Aluminum Manufacturing, Inc.**

33.     Ultra Aluminum Manufacturing, Inc. is a corporation organized under the laws of the state of Michigan with a principal place of business at 2124 Grand Commerce Drive, Howell, MI 48855.

34.     Ultra Aluminum Manufacturing took PPP loans in the amounts of $1,027,884 and $1,027,882 and then forgiveness in the amounts of $1,038,405 and $1,035,213 to which it was not entitled.

35.      At all times relevant here, Ultra Aluminum Manufacturing was owned and/or controlled by APE.

**L.**     **Paragon Energy Solutions, LLC**

36.     Paragon Energy Solutions, LLC is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 7410 Pebble Dr., Fort Worth, TX 76118.

37.     Paragon Energy Solutions took a PPP loan in the amount of $3,100,922 and then forgiveness in the amount of $3,129,467 to which it was not entitled.

38.     At all times relevant here, Paragon Energy Solutions as owned and/or controlled by APE.

**M.    Oneida Molded Plastics, LLC**

39.     Oneida Molded Plastics, LLC is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 104 S Warner St, Oneida, NY 13421.

40.     Oneida Molded Plastics took a PPP Loan in the amount of $1,295,950 and then forgiveness in the amount of $1,305,863 to which it was not entitled.

41.     At all times relevant here, Oneida Molded Plastics was owned and/or controlled by APE.

**N.    Linx Acquisitions, LLC**

42.     Linx Acquisitions LLC is a limited liability company organized under the laws of the Delaware with a principal place of business at 159 Ort Lane, Merlin, OR 97532.

43.     Linx Acquisitions took a PPP loan in the amount of $542,600 and then forgiveness in the amount of $548,844 to which it was not entitled.

44.     At all times relevant here, Linx Acquisitions was owned and/or controlled by APE.

**O.**     **Project Access Holdings, LLC**

45.     Project Access Holdings, LLC is a limited liability company organized under the laws of the state of Maryland with a principal place of business at 2600 Tower Oaks Boulevard, Suite 510, Rockville, MD 20852.

46.     Until July 2021, Project Access Holdings was named Library Systems & Services Holdings, LLC which is the name it used when it obtained a PPP loan in the amount of $5,824,944 and then forgiveness in the amount of $809,090 to which it was not entitled.

47.     At all times relevant here, Project Access Holdings was owned and/or controlled by APE.

**P.**     **Component Sourcing International, LLC**

48.     Component Sourcing International, LLC is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 1301 Westinghouse Blvd Ste I, Charlotte, NC 28273.

49.     Component Sourcing International took PPP loans in the amounts of $271,336 and $318,340 and then forgiveness in the amounts of $273,893 and $320,747 to which it was not entitled.

50.     At all times relevant here, Component Sourcing International was owned and/or controlled by APE.

14

Q.    **Casual Living Unlimited, LLC**

51.    Casual Living Unlimited, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with a principal place of business at 172 Orlan Rd, New Holland, PA 17557.

52.    Casual Living Unlimited took PPP loans in the amounts of $750,310 and $668,310 and then forgiveness in the amounts of $755,881 and $671,716 to which it was not entitled.

53.    At all times relevant here, Casual Living Unlimited was owned and/or controlled by APE.

R.    **Trigon Plastics, LLC**

54.    Trigon Plastics, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with a principal place of business at 12 S. Fort, Zellers Rd, Newmanstown, PA 17073.

55.    Trigon Plastics took PPP loans in the amounts of $189,925 and $184,452 and then forgiveness in the amounts of $191,377 and $185,357 to which it was not entitled.

56.    At all times relevant here, Trigon Plastics was owned and/or controlled by APE.

**JURISDICTION AND VENUE**

57.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1345

because this action involves a federal question and the United States is plaintiff. This

Court also has subject matter jurisdiction under 31 U.S.C. § 3732(a).

58.    The Court may exercise personal jurisdiction over Defendants under 31

U.S.C. § 3732(a). The Court has personal jurisdiction over Defendants because, by virtue

of the scheme described herein, they transact business within this District.

59.    Venue is proper in this District under 31 U.S.C. § 3732(a) and 28 U.S.C. §

1391(b) & (c) because Defendants transact business or can be found within this District

and a substantial part of the events establishing the alleged claims arose in this District.

60.    Under 31 U.S.C. § 3730(b)(2), this Complaint was filed in camera and under

seal and shall not be served on Defendants until the Court so orders.

**FACTS**

**I.    Governing Law**

**A.    The Federal False Claims Act**

61.    The FCA imposes liability upon any person who "knowingly presents, or

causes to be presented [to the Government] a false or fraudulent claim for payment or

approval," "knowingly makes, uses, or causes to be made or used, a false record or

statement material to a false or fraudulent claim," or conspires to do so.  31 U.S.C. §

3729(a)(1).

62.    As of the date of filing, any person found to have violated these provisions is liable for a civil penalty of not less than $13,9468 and not more than $27,894 for each such violation, plus three times the damage sustained by the Government.

63.    The FCA imposes liability where conduct is "in reckless disregard of the truth or falsity of the information" and clarifies that "no proof of specific intent to defraud is required." 31 U.S.C. § 3729(b).

64.    The FCA also broadly defines a "claim" to include "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that - ... is made to a contractor, grantee, or other recipient if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest ... " 31 U.S.C. § 3729(b)(2)(A).

65.    The FCA empowers private persons having information regarding a false or fraudulent claim against the Government to sue on behalf of the Government and to share in any recovery. The complaint must be filed under seal without service on any defendant. The complaint remains under seal while the Government conducts an investigation of the allegations and determines whether to intervene. 31 U.S.C. §3730(b).

**B.    The Paycheck Protection Program**

66.    The Paycheck Protection Program ("PPP") is the United States Government business loan program established in 2020 through the Coronavirus Aid, Relief, and

Economic Security Act ("CARES Act") to help certain businesses, self-employed workers, sole proprietors, certain nonprofit organizations, veterans' organizations, and tribal businesses to continue paying their workers. The program is implemented by the U.S. Small Business Administration ("SBA").

67.    The PPP allowed qualified entities to apply for low-interest private loans to pay for their payroll and certain other operating costs. Under the PPP, the allowable amount of a PPP loan was calculated based on the borrowing entity's average monthly payroll costs multiplied by 2.5.[1]

68.    The PPP loan had to be used to cover payroll costs, rent, interest, and utilities.

69.    The loan may be partially or fully forgiven if the business keeps its employee counts and employee wages stable.

70.    The deadline for entities to apply for a PPP loan was initially June 30, 2020, which was later extended to August 8, 2020.

---

[1] *See* How to Calculate Maximum Loan Amounts – by Business Type, U.S. Small Business Administration, (Jun. 26, 2020) https://www.sba.gov/sites/default/files/2020-06/How-to-Calculate-Loan-Amounts-508_1.pdf (last visited September 7, 2022).

71.     The PPP was reopened on January 11, 2021. The Program ended on May 31, 2021.[2]

72.     The PPP was added under Section 1102 of the CARES Act by amending Section 7(a) of the Small Business Act, 15 U.S.C. § 636(a) *et seq.*, which temporarily permitted the SBA to guarantee 100 percent of the PPP loans.

73.     Section 1106 of the CARES Act, which also amended Section 7(a), further provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

> i.    *Affiliation Rules*

74.     The PPP loan program was designed and intended to benefit small businesses.

75.     For the purposes of first round PPP loans, the relevant statutes and regulations defined small businesses as those entities with 500 or fewer employees.

76.     SBA's existing affiliation rules apply to the PPP loan program's definition of small businesses. In other words, all employees of the entities under the same ownership or control "count" towards the 500-employee limit.

---

[2] *See* Paycheck Protection Program, U.S. SMALL BUSINESS ADMINISTRATION, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program (last visited Dec. 9, 2021).

77.     13 C.F.R. 121.106 (a) sets out how the SBA calculates the number of

employees, in pertinent part, as follows:

> (a) In determining a concern's number of employees, SBA counts all individuals employed on a full-time, parttime, or other basis. This includes employees obtained from a temporary employee agency, professional employer organization or leasing concern. SBA will consider the totality of the circumstances, including criteria used by the IRS for Federal income tax purposes, in determining whether individuals are employees of a concern.

78.     The SBA repeatedly clarified that the affiliation rules at 13 C.F.R. §

121.301(f) applied to PPP loans and that for the purposes of counting employees, all

foreign and domestic affiliated employees **must** be counted. For example, the SBA's

March 12, 2021, FAQs included question 44 on this topic:

> 44. **Question:** How do SBA's affiliation rules at 13 C.F.R. 121.301(f) apply with regard to counting the employees of foreign and U.S. affiliates?
>
> **Answer:** For purposes of the PPP's 500 or fewer employee size standard (or 300 employee size standard for Second Draw PPP Loans and certain entities for First Draw PPP Loans), an applicant **must count all of its employees and the employees of its U.S and foreign affiliates**, absent a waiver of or an exception to the affiliation rules. 13 C.F.R. 121.301(f)(6). Business concerns seeking to qualify for a First Draw PPP Loan as a "small business concern" under section 3 of the Small Business Act (15 U.S.C. 632) on the basis of the employee-based size standard must do the same.

March 12, 2021 SBA FAQs (emphasis added).

79.     The applicable affiliation rules appear at 13 C.F.R. § 121.301.

> Concerns and entities are affiliates of each other when one controls or has the power to control the other, **or a third party or parties controls or has the power to control both**. It does not matter whether control is exercised, so long as the power to control exists.

13 C.F.R. § 121.301(f) (emphasis added).

> For determining affiliation based on equity ownership, a concern is an affiliate of an individual, concern, or entity that owns or has the power to control more than 50 percent of the concern's voting equity.

13 C.F.R. § 121.301(f)(1).

80.     The affiliation rules presented a special problem for certain industries which typically organize themselves as several nominally individual businesses owned or controlled by a single entity.

81.     To address this reality, Congress provided statutory carveouts for certain parts of the hospitality industry and some franchise businesses. *See* 15 U.S.C. § 636(A)(36)(D)(iv).

82.     Importantly, no such carveout exists for any of the Defendants named herein.

83.     The SBA often specifically warned potential borrowers that civil and criminal liability could attach to false applications. *See e.g.,* 85 Fed. Reg. 20811 at 20814 (April 15, 2020).

## II.     <u>Violations of the False Claims Act</u>

84.     Defendants violated the False Claims Act by submitting materially false applications and supporting materials in connection with applications for PPP loans and then forgiveness of those loans.

## A.    **PPP Loan Applications**

85.    Defendants applied for and obtained a series of PPP loans and then

forgiveness of those loans to which they were not entitled.

86.    The below chart displays the name of the company, the date PPP loans

were issued to them, the amount of any PPP loans, the dates and amounts of any

forgiveness, and the number of jobs the company reported in connection with each

loan.

| Company | Loan Date | Amount | Forgiveness Date | Forgiveness Amount | Reported Employees |
|---|---|---|---|---|---|
| Walpole Outdoors | Apr 5, 2020 | $2,525,600 | Jun 11, 2021 | $2,555,135 | 192 |
| Southerland | Apr 7, 2020 | $4,876,300 | Aug 19, 2021 | $4,775,643 | 384 |
| Reed City Group | Apr 13, 2020 | $1,394,190 | July 9, 2021 | $1,369,830 | 106 |
| Panhandle Oilfield Srvc | Apr 6, 2020 | $3,361,800 | June 11, 2021 | $3,401,675 | 156 |
| Panhandle Oilfield Srvc | Feb 4, 2021 | $2,000,000 | Oct 4, 2021 | $2,013,111 | 135 |
| Groome Industrial Service Group | Apr 6, 2020 | $1,525,100 | Nov 3, 2020 | $1,533,331 | 91 |
| Capewell Aerial Systems | Apr 14, 2020 | $765,430 | Nov 5, 2020 | $769,582 | 59 |
| Capewell Aerial Systems | Feb 11, 2021 | $659,647 | Sept 9, 2021 | $663,352 | 254 |

| Company | Loan Date | Amount | Forgiveness Date | Forgiveness Amount | Reported Employees |
|---|---|---|---|---|---|
| Atlantic Diagnostic Laboratories | Apr 15, 2020 | $2,303,500 | July 30, 2021 | $2,332,783 | 186 |
| Atlantic Diagnostic Laboratories | Jan 19, 2021 | $2,000,000 | May 27, 2022 | $2,026,411 | 186 |
| Great Western Leasing and Sales | Apr 7, 2020 | $1,789,800 | June 8, 2021 | $1,810,631 | 121 |
| Great Western Leasing and Sales | Mar 18, 2021 | $1,768,282 | Nov 12, 2021 | $1,779,727 | 105 |
| Ultra Aluminum Manufacturing | Apr 10, 2020 | $1,027,884 | Apr 22, 2021 | $1,038,405 | 135 |
| Ultra Aluminum Manufacturing | Mar 25, 2021 | $1,027,882 | Dec 14, 2021 | $1,035,213 | 136 |
| Paragon Energy Solutions | Jun 22, 2020 | $3,100,922 | May 28, 2021 | $3,129,467 | 184 |
| Oneida Molded Plastics | Apr 15, 2020 | $1,295,950 | Jan 25, 2021 | $1,305,863 | 152 |
| Linx Acquisitions | Apr 15, 2020 | $542,600 | June 22, 2021 | $548,844 | 37 |
| Library Systems & | Apr 12, 2020 | $5,824,944 | June 11, 2021 | $809,090 | 500 |

| Company | Loan Date | Amount | Forgiveness Date | Forgiveness Amount | Reported Employees |
|---|---|---|---|---|---|
| Services Holdings | | | | | |
| Component Sourcing International | Apr 11, 2020 | $271,336 | Mar 31, 2022 | $273,893 | 16 |
| Component Sourcing International | Mar 8, 2021 | $318,340 | Jan 3, 2022 | $320,747 | 18 |
| Casual Living Unlimited | Apr 15, 2020 | $750,310 | Jan 20, 2021 | $755,881 | 53 |
| Casual Living Unlimited | Feb 18, 2021 | $668,310 | Aug 25, 2021 | $671,716 | 90 |
| Trigon Plastics | Apr 15, 2020 | $189,925 | Jan 25, 2021 | $191,377 | 21 |
| Trigon Plastics | Feb 24, 2021 | $184,452 | Aug 25, 2021 | $185,357 | 20 |
| **TOTALS** | | **$40,172,504** | | **$35,297,064** | **2,355[3]** |

### B.    Knowingly False Statements

87.    Each of the above-described PPP loan and forgiveness applications

constitute false claims.

---

[3] For entities that took two loans, the total employee count incorporates only the lower of the two numbers reported.

88.     Each of the above-described PPP loan and forgiveness applications are

false because they make, at a minimum, the below false statements:

   a.  The number of jobs reported do not account for the SBA's affiliation rules
       and thereby meaningfully and falsely underreport the number of jobs or
       employees at issue;

   b.  Upon information and belief, the applications falsely attest that each
       company lacks access to other sources of liquidity; and

   c.  Upon information and belief, the applications falsely attest to compliance
       with the PPP program and entitlement to the PPP loan and forgiveness
       funds.

   *i.*   *Too Many Employees*

89.     In reality, each of the Defendant companies that obtained PPP loans are

affiliated with each other and with APE as the word "affiliation" is defined and used in

the relevant SBA regulations.

90.     Counting only the employees listed in the applications listed above,

Defendants have at least 2,355 employees and none of them can qualify for PPP loan

funds or forgiveness.

91.     In addition, through APE, each Defendant was affiliated with many

hundreds of additional employees.

92.     As a result, none of the Defendant Companies that applied for and

received PPP and forgiveness monies qualified for PPP forgiveness making each of the

applications false at least insofar as each reported or attested to compliance with the

PPP loan and forgiveness program rules, regulations, and laws.

ii.   *Alternative Size Standards*

93.    The SBA's alternative size standards provide an alternative metric, either a total annual receipts or alternative number of employees, for determining company size for companies in certain NAICS Code categories.

94.    Just as the proper counting of employees must include the employees of all affiliates, so to must any calculation of annual receipts include the revenue of all affiliates. 13 CFR § 121.104.

95.    While some of the Defendant companies claimed NAICS Codes subject to alternative size standards, none of those alternative size standards are met here.

96.    For example, Panhandle Oilfield Srvc Co claims NAICS code 213112 (Support Activities for Oil and Gas Operations) which has an alternative revenue size standard of $41.5M and Groome Industrial Service Group claims NAICS code 541990 (All Other Professional, Scientific and Technical Services) which has an alternative revenue size standard of $16.5M.

97.    However, APE only targets for acquisition companies generating at least $10M in revenue and at Ultra Aluminum Manufacturing Inc. alone generated approximately $46M in 2020/2021 alone.

98.    Defendants cannot meet any applicable alternative size standard here.

99.    Naturally, adding APE's other sources revenue, as required, just emphasizes the point.

100.    As to alternative employee standards, the largest applicable alternative applies to Capewell Aerial Systems under NAICS code 336413 (Other Aircraft Part and Auxiliary Equipment Manufacturing) and Oneida Molded Plastics under NAICS code 325211 (Plastics Material and Resin Manufacturing). But at 'only' 1,250 employees, Defendants still violate the standard.

101.    Regardless of which standard is applied, Defendants did not qualify for the loans or forgiveness they sought and received.

### iii.    No Financial Need

102.    In addition, APE and its portfolio companies did not lack access to other sources of liquidity at the time they applied for PPP loans and forgiveness.

103.    Far from experiencing economic uncertainty, the pandemic created business opportunities for a cash-rich APE and APE appears to have thrived through the pandemic.

104.    APE has $1.5B in assets under management not including the additional sums categorized as held by its related real estate, healthcare, limited partnership, and liquidity investing arms.

105.    APE and at least some of the other named Defendants completed various acquisitions while receiving PPP funds or forgiveness. For example, Groome Industrial Service Group acquired Expro Services, Inc. less than a year after obtaining forgiveness of its $1.5M+ PPP loan.

C.    **Liability of APE**

106.    The collection of limited liability companies, general partners, and limited

partnerships that compose the private equity conglomerate known as APE owns or

controls other funds and entities which themselves own or control[4] various portfolio

companies including the Defendant companies.

107.    It is through this ownership and control that APE is liable for the false PPP

loan and forgiveness applications and monies received by the other named Defendants.

## CAUSES OF ACTION

### COUNT I
### Violations of the False Claims Act: Presenting or Causing a False Claim
### (31 U.S.C. § 3729(a)(1)(A))

108.    The foregoing allegations are repeated and realleged as if fully set forth

herein.

109.    The False Claims Act, 31 U.S.C. § 3729(a)(1)(A), imposes liability upon those

who knowingly present or cause to be presented false claims for payment or approval.

110.    Defendants knowingly and willfully violated the False Claims Act by

presenting, or causing to be presented, false claims for payment or approval.

---

[4] Or as to Linx Acquisitions, Project Access Holdings (then known at Library Systems and Services Holdings), Component Sourcing International, Casual Living, and Trigon Plastics owned or controlled these entities at the time they obtained PPP loans and forgiveness.

111.    Specifically, and as alleged in more detail above, Defendants presented, or caused to be presented, materially false applications for PPP loan funds and then for forgiveness of the resulting loans.

112.    Defendants certified compliance with applicable PPP laws, rules, and regulations despite not being compliant.

113.    Defendants similarly certified the existence of facts which were not true.

114.    Defendants knew or should have known (as defined in 31 U.S.C. § 3801(a)(5)) that the facts and certifications to which they attested were not true and that they made, presented, or submitted, or caused to be made, false or fraudulent claims for payment to the government.

115.    Each of the applications submitted or caused to be submitted by Defendants is a separate false and fraudulent claim.

116.    Defendants presented or caused to be presented these claims knowing their falsity, or in deliberate ignorance or reckless disregard that such claims were false.

117.    The United States was unaware of the foregoing circumstances and conduct of Defendants and, in reliance on said false and fraudulent claims, authorized payments to be made to or on behalf of Defendants, made such payments, and has been damaged.

118.    Because of these false or fraudulent claims submitted or caused to be submitted by Defendants, the United States has been damaged in an amount to be determined at trial.

## COUNT II
### Violations of the False Claims Act:
### Making, Using, or Causing to be Used a False Record or Statement
### (31 U.S.C. § 3729(a)(1)(B))

119.    The foregoing allegations are repeated and realleged as if fully set forth herein.

120.    The False Claims Act, 31 U.S.C. § 3729(a)(1)(B), imposes liability upon those who knowingly make, use, or cause to be made or used, false records or statements material to a false or fraudulent claim.

121.    Defendants knowingly and willfully violated the False Claims Act by making, using, or causing to be made or used, false records or statements material to false or fraudulent claims.

122.    Specifically, for purposes of obtaining or aiding to obtain PPP loans and then forgiveness of those loans, Defendants made or presented, or caused to be made or presented, to the United States false or fraudulent applications and/or records, knowing these materials to be false or fraudulent, or acting with reckless disregard or deliberate ignorance thereof.

123.    Each application or record submitted to the Government in support of Defendants' above-described false claims is a separate false record or statement and separate violation of 31 U.S.C. § 3729(a)(1)(B).

124.    The United States was unaware of the foregoing circumstances and conduct of Defendants and, in reliance on said false and fraudulent applications and/or records, authorized payments to be made to or on behalf of Defendants, made such payments, and has been damaged.

125.    Because of these false or fraudulent statements submitted or caused to be submitted by Defendants, the United States paid the claims, resulting in damages to the United States in an amount to be determined at trial.

**COUNT III**
**Violations of the False Claims Act: Conspiring to Violate the False Claims Act**
**(31 U.S.C. § 3729(a)(1)(C))**
**(All Defendants)**

126.    The foregoing allegations are repeated and realleged as if fully set forth herein.

127.    The False Claims Act, 31 U.S.C. § 3729(a)(1)(C), imposes liability upon those who conspire to commit a violation of another sub-section of the False Claims Act.

128.    Defendants knowingly, in reckless disregard, and/or in deliberate ignorance of the truth conspired between themselves, with their employees and administrators, and others, to violate the False Claims Act.

129.    Defendants conspired to submit false and fraudulent claims related to their applications for PPP loan and forgiveness funds and the use of those funds.

130.    Defendants did in fact submit false and fraudulent claims for PPP loan funds and forgiveness.

131.    As a consequence of their conspiracies, the United States paid money in connection with the forgiveness of the PPP loan when it would not have but for Defendants' unlawful conduct.

132.    As a result of this conspiracy, and the resulting false or fraudulent claims submitted or caused to be submitted by Defendants, the United States paid the claim(s), resulting in damages to the United States in an amount to be determined at trial.

**COUNT IV**
**Violations of the False Claims Act: Obligation to Repay**
**(31 U.S.C. § 3729(a)(1)(G))**

133.    The foregoing allegations are repeated and realleged as if fully set forth herein.

134.    The False Claims Act, 31 U.S.C. § 3729(a)(1)(G), imposes liability upon those who knowingly make, use, or cause to be made or used, false records or statements material to an obligation to pay or transmit money or property to the Government, or conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

135.    Upon receipt of improperly obtained PPP loan forgiveness funds, Defendants had an obligation to repay and refund to the Government the amounts paid by the Government.

136.    Defendants knowingly and willfully violated the False Claims Act by failing to so repay or refund the monies received.

137.    The United States was unaware of the foregoing circumstances and conduct of Defendants.

138.    Had the government been aware of Defendants' knowing false certifications and knowing failure to return overpayments it would have taken steps to recover them.

139.    The United States has been damaged as a result in an amount to be determined at trial.

**WHEREFORE, Relator, on behalf of himself as well as the United States requests the following relief:**

a. A judgment against Defendants, joint and several, in an amount equal to all damages due to the Government, including treble damages, under the FCA;

b. A judgment against Defendants, joint and several, for all civil penalties due to the Government for Defendant's violations of the FCA;

c. That Relator recover from Defendants, joint and several, all costs of this action, with interest, including the cost to the Government for its expenses related to this action;

d. That Relator recover from Defendants, joint and several, all reasonable attorneys' fees in bringing this action;

e.   That Relator be awarded the maximum amount of the proceeds of this action as allowed under 31 U.S.C. § 3730, and/or any other applicable provision of law;

f.   That a trial by jury be held on all issues so triable;

g.   An award of pre- and post-judgment interest; and

h.   Such other and further relief to Relator and/or the United States of America as this Court may deem just and proper.

**<u>REQUEST FOR TRIAL BY JURY</u>**

Under Rule 38 of the Federal Rules of Civil Procedure, Relator hereby requests a trial by jury.

Dated: August 7, 2024

By:    /s/ *Darth M. Newman*
Darth M. Newman
Law Offices of Darth M. Newman LLC
1140 Thorn Run Rd, # 601
Coraopolis, PA 15108
PA ID#: 209448
Telephone:    412-436-3443
Email:          darth@dnewmanlaw.com

*Counsel for Plaintiff Relator*